IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 26-cv-02490-CYC

CARMELO JAVIER RODRIGUEZ POLANCO,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Denver Contract Detention
Facility;
GEORGE VALDEZ, in his official capacity as Acting Field Office Director, Denver Field
Office, Immigration and Customs Enforcement, in his official capacity;
DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and
Customs Enforcement;
MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland
Security; and
TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,

      Respondents.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Petitioner Carmelo Javier Rodriguez Polanco, a detainee at the GEO Detention

Facility in Aurora, Colorado, petitions for a writ of habeas corpus, contending that the

respondents, who control that facility, are improperly subjecting him to mandatory detention

under 8 U.S.C. § 1225(b)(2). ECF No. 1 (the "Petition"). Instead, he says, 8 U.S.C. § 1226(a)

governs his detention vel non. Because this is a fundamentally legal debate, there is no need

for a hearing on the Petition. *See* 28 U.S.C. § 2243. Among other things, he seeks release or,

in the alternative, a bond hearing. ECF No. 23–24.

He is correct. "§ 1225(b)(2)(A)'s application is limited to the border" and individuals

detained in the interior of the country, like the petitioner, "can properly be subject to detention under § 1226(a)." *Santillan Quiroz v. Mullin*, --- F.4th ----, No. 26-6019, 2026 WL 1876709 at *8, *17 n.13 (10th Cir. June 30, 2026). As the respondents implicitly recognize, ECF No. 10, the petitioner's mandatory detention under 8 U.S.C. § 1225 violates the Immigration and Nationality Act.

Turning to the question of the appropriate relief, under the particular circumstances of this case, the petitioner is entitled to immediate release, not a bond hearing before an immigration judge. The petitioner entered the United States on or about July 12, 2022, and was placed on supervised release at that time by the Department of Homeland Security in its Alternatives to Detention Program. ECF No. 1 ¶ 4; ECF No. 1-1 at 13. His term of supervised release was open-ended while he pursued his immigration case, and he was warned that"[f]ailure to report may lead to being taken into custody or placed on additional forms of supervision." ECF No. 1-1 at 13. The petitioner claims, and the respondents do not dispute, that he went to multiple check-in appointments with immigration officers during the four years prior to his arrest by U.S. Immigration and Customs Enforcement in March 2026. ECF No. 1 ¶ 4. He also applied for asylum in July 2023, and at the time of this Petition, that application was pending. *Id.* ¶¶ 5–6; ECF No. 1-1 at 15. The respondents do not claim that his supervised release was ever revoked or that the petitioner violated its conditions.

Under these circumstances, where the petitioner complied with the terms of his supervised release and the mandates of immigration court for nearly four years before his re-detention, release on the same conditions is the appropriate remedy. As Judge Sweeney explained in granting release on very similar facts, the initial decision to release the petitioner

"means that immigration officials have already determined that [he] is neither a flight risk nor a danger to the community," and nothing has happened in the interim to affect that assessment. *Singh*, 819 F. Supp. 3d at 1250. Therefore, there is "no reason to prolong Petitioner's detention now." *Id.* This Court has previously ordered release in cases presenting similar circumstances. *Sotelo Pizon v. Baltazar*, No. 26-cv-02634-CYC, 2026 WL 1827457, at *2 (D. Colo. June 25, 2026); *Yuffra Giron v. Baltazar*, No. 26-cv-02186-CYC, 2026 WL 1661375 (D. Colo. June 8, 2026). And other courts in this district have reached the same conclusion when presented with the same or similar facts. *See, e.g.*, *Pineda Tijerino v. Baltazar*, No. 26-cv-00907-RBJ, ECF No. 9 (D. Colo. Mar. 30, 2026); *Kumar v. Baltazar*, No. 26-cv-00254-RMR, 2026 WL 642888, at *3 (D. Colo. Mar. 6, 2026); *Hernandez v. Noem*, No. 25-cv-03983-NRN, 2026 WL 621333, at *2 (D. Colo. Mar. 5, 2026) (granting release where petitioner was released on bond by an immigration judge before instant re-detention). Accordingly, the respondents shall release petitioner on the same conditions that governed his release prior to his recent re-detention.

There is a final matter. The petitioner requests attorneys' fees and costs. ECF No. 1 at 22–23. But D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by affidavit," and no such affidavit supported the request. Further, "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the petitioner chooses to file a motion for attorney fees, it must comply with all applicable rules and provide legal authority for the request. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

**CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that the Petition, ECF No. 1, is

**GRANTED**.

It is further ORDERED that:

(1)  Within 24 hours of this ORDER, the respondents shall **RELEASE** the petitioner on the same conditions that governed his release as of March 22, 2026;

(2)  the respondents shall file a status report within **seven days** of this ORDER informing the Court of petitioner's release; and

(3)  if the petitioner believes he has a good faith basis to file a petition requesting attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), he may file his petition in accordance with the deadlines and requirements set by the EAJA, 28 U.S.C. § 2412(d)(1)(A)–(B); *see Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025) (holding that a court may award fees under the EAJA in habeas actions challenging immigration detention); *Morales Lopez v. Baltazar*, No. 25-cv-03078-WJM-KAS, 2026 WL 1492602 (D. Colo. May 28, 2026) (granting in part motion for EAJA fees and costs), that complies with the Local Rules of this District. See D.C.COLO.LCivR 54.3.

Entered and dated this 16th day of July, 2026, at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge

4